UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

MICHAEL CORTEZ, individually
and on behalf of those similarly
situated,

        Plaintiffs,

v.

RAINBOW PIZZA, LLC; FERNANDO
SALIDO,

   *Defendants*

CIVIL ACTION NO.

7:18-cv-324

JURY DEMANDED

## PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND/OR STAY THIS PROCEEDING AND COMPEL ARBITRATION

Plaintiff is not opposed to Defendants' request to Stay this proceeding and Compel Arbitration, reserving his objections to the arbitrability of this matter and arbitration agreement for the arbitrator. Consequently, the Court should enter the attached Proposed Order, requesting a stay of this matter and cancelation of upcoming deadlines. Plaintiff presents the following as additional support for the limited relief sought:

1.    In light of Plaintiff's position, federal law is clear that the Court is to stay this matter pending the outcome of arbitration. *See e.g.*, Dkt. #12 at 12 (citing 9 U.S.C. § 3,"[U]pon any issue referable to arbitration under an agreement in writing for such arbitration, the court [] shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement.")(emphasis added); *see also*, *Norton v. Tucker Entm't, LLC*, No. 3:14-CV-1490-G, 2014 WL 5023654, at *5 (N.D. Tex. Oct. 8, 2014)(also

citing to 9 U .S.C. § 3 and explaining clearly, **"The Federal Arbitration Act directs courts to stay proceedings until the arbitration process is completed."** (emphasis added); *see also*, *Lexington Ins. Co. v. All. Residential Mgmt., L.L.C.*, CIV. 4:10-CV-729, 2010 WL 4226460, at *6 (S.D. Tex. Oct. 20, 2010)(same); *Rodriguez v. John Eagle Sport City Motors, LLP*, No. 3:14-CV-0334-D, 2014 WL 2587599, at *6 (N.D. Tex. June 10, 2014) (citing to *Apache Bohai Corp. v. Texaco China, B. V.,* 330 F.3d 307, 311 (5th Cir.2003) and noting that appellant was "unable to cite a single case in which [the Fifth Circuit] held that a district court abused its discretion by staying rather than dismissing proceedings pending arbitration").

2.   The Court should also stay, but not dismiss, this particular case because under the Fair Labor Standards Act ("FLSA"), a litigant may not be a party plaintiff unless she gives "consent" to such litigation and files such consent with the Court. 29 U.S.C. § 216(b). Courts construe this statutory language as requiring a named plaintiff to file her consent in Court as well. *See e.g.*, *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 769 (N.D. Tex. 2013); *Frye v. Baptist Mem'l Hosp., Inc.*, 495 F. App'x 669, 675 (6th Cir. 2012); *In re Food Lion, Inc.,* Nos. 94–2360 et al., 151 F.3d 1029, 1998 WL 322682, at *13 (4th Cir. June 4, 1998) (per curiam, unpublished table decision); *Songu–Mbriwa v. Davis Mem'l Goodwill Indus.,* 144 F.R.D. 1, 2 (D.D.C.1992); *Gonzalez v. El Acajutla Rest. Inc.,* No. CV 04–1513(JO), 2007 WL 869583, at *5 (E.D.N.Y. Mar.20, 2007) (collecting cases). Filing a plaintiff's consent to proceed as a plaintiff in court is not only a procedural requirement of the FLSA, it is practically essential in order to stop the running of a Plaintiff's statute of limitations. *Lee*, 980 F. Supp. 2d at 769 (that a collective action is considered commenced on the day in which her complaint <u>and written consent</u> are filed with the court). For example, in *Frye v. Baptist Mem'l Hosp., Inc.* the 6th Circuit ruled that a

plaintiff's claim was barred by the statute of limitations because a consent was never filed with the court during the three-year limitations period.

3. Named Plaintiff filed the instant action to comply with this statutory requirement and it would be reversible error to further harm a plaintiff, pursuing a minimum wage claim under a remedial federal statute, with attorneys' fees and costs. Further, outright dismissal would work manifest harm to the Early Opt-In Plaintiffs and yet unidentified Potential Opt-In Plaintiffs as their claims could become time-barred. *See e.g.*, *Baptist Mem'l Hosp., Inc.*, 495 F. App'x at 675 (6th Cir. 2012).

4. Finally, the alleged deficiencies raised in Dkt. #12 ¶ III may be cured prior to filing Plaintiffs' arbitration demands and then, evaluated by the arbitrator. Moreover, "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded **repeated opportunities to do so**." *Hart v. Bayer Corp.,* 199 F.3d 239, 247 n. 6 (5th Cir. 2000) (*citing O'Brien v. Nat'l Prop. Analysts Partners,* 936 F.2d 674, 675-76 (2d Cir. 1991))(emphasis added). Therefore and to the extent this matter and issues raised in Dkt. #12 ¶ III are not resolved through arbitration, Plaintiffs should be permitted to amend their complaint and/or address these alleged deficiencies at that time.

         Respectfully submitted,

           /s/ *J. Forester*
         **J. FORESTER**
         Texas Bar No. 24087532
         **FORESTER HAYNIE PLLC**
         1701 N. Market St. Suite 210
         Dallas, Texas 75202
         (214) 210-2100 phone
         **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was sent to opposing counsel via electronic filing.

                                        /s/ J. Forester
                                        J. Forester